# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| AUSTIN MOSBY, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:12CV1628 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Austin Mosby's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Movant, who was sentenced for distribution of crack cocaine before the Fair Sentencing Act of 2010 (the "FSA") was enacted, seeks to reduce his sentence pursuant to Dorsey v. United States, 132 S. Ct. 2321 (2012). The motion will be summarily dismissed.

### Background

On April 27, 2010, movant pled guilty to one count of distribution of five grams or more of a mixture or substance containing crack cocaine in violation of 21 U.S.C. § 841(a)(1). United States v. Mosby, 4:10CR65 HEA (E.D. Mo.). On July 26, 2010, the Court sentenced movant to sixty months' imprisonment, based on a total offense level of twenty-one and a criminal history category of V. Id. Under U.S.S.G § 2D1.1, the applicable sentencing range was 70-87 months, and under 21 U.S.C.

§ 841(a)(1), the statutory minimum was five years. The sixty-month sentence represented a downward variance from the Guidelines.

On August 3, 2010, the FSA took effect. The FSA, among other things, "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum . . ." Dorsey, 132 S. Ct. at 2335.

In Dorsey, the Court concluded that the more lenient mandatory minimum provisions of the FSA apply to defendants who committed a crack cocaine offense before August 3, 2010, the date the FSA went into effect, but were sentenced after that date. Id. ("the Fair Sentencing Act's new minimums apply to all of those sentenced after August 3, 2010").

**Discussion**

In his § 2255 motion, movant argues that although he was sentenced on July 26, 2010, eight days before the FSA went into effect, he should be given the same benefits as those sentenced after the effective date. Movant argues that because he was sentenced "a mere 8 days before the FSA was passed . . . [i]t would be inequitable not to reduce [his] sentence and give him the benefit of this shift in policy." Movant further argues that the more lenient sentencing provisions should

apply to him because his sentence was not final until August 9, 2010, six days after the FSA went into effect.

Movant's arguments are without merit. In Dorsey, the Court "recognize[d] that application of the new minimums to pre-Act offenders sentenced after August 3 will create a new set of disparities" in relation to those sentenced before August 3, 2010. Dorsey, 132 S. Ct. at 2335.

> But those disparities, reflecting a line-drawing effort, will exist whenever Congress enacts a new law changing sentences (unless Congress intends re-opening sentencing proceedings concluded prior to a new law's effective date). We have explained how in federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced. And we have explained how, here, continued application of the old 1986 Drug Act minimums to those pre-Act offenders sentenced after August 3 would make matters worse. We consequently conclude that this particular new disparity (between those pre-Act offenders already sentenced and those not yet sentenced as of August 3) cannot make a critical difference.

Id. (citations omitted). Thus, movant's arguments are foreclosed by the reasoning in Dorsey.

Moreover, several other courts have considered the question as to whether Congress intended the FSA to apply to defendants who had been sentenced prior to August 3, 2010, and each court has rejected the proposition. E.g., United States v. Mouzone, 687 F.3d 207, 221 (4th Cir. 2012) ("[defendant] was sentenced on July 9,

2010, and the Act applies retroactively only to "offenders whose crimes preceded August 3, 2010, but who are sentenced after that date.'" (quoting Dorsey)); United States v. Wormley, 471 F. App'x 837, 839 (10th Cir. 2012) (noting that its precedent forecloses the argument that "the lower mandatory minimums in the FSA apply retroactively" to defendants sentenced before the enactment of the FSA and that Dorsey is "of no assistance in this matter."); United States v. Davidson, 2012 U.S. App. LEXIS 14689, 2012 WL 2914495 *1 (3d Cir. July 18, 2012) ("the Fair Sentencing Act's change to the statutory penalties for crack cocaine offenses does not apply retroactively to defendants who committed their crimes and were sentenced before its enactment.").

Based on the foregoing, the Court finds that it lacks the authority to reduce movant's sentence, and the Court will summarily dismiss this action under 28 U.S.C. § 2255, Rule 4.

Finally, movant has failed to demonstrate that jurists of reason would find it debatable whether he is entitled to a sentence reduction under the circumstances presented in the motion. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Mosby's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED**.

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this 14th day of September, 2012.

                                          HENRY EDWARD AUTREY
                                          UNITED STATES DISTRICT JUDGE